1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>YIN NAN "MICHAEL" WANG, WENDY KO, VELOCITY INVESTMENT GROUP, INC., BIO PROFIT SERIES I, LLC, BIO PROFIT SERIES II, LLC, BIO PROFIT SERIES III, LLC, BIO PROFIT SERIES V, LLC, and ROCKWELL REALTY MANAGEMENT, INC.,<br><br>　　　　Defendants. | Case No. CV 13-7553-JAK(SSx)<br><br>**JUDGMENT AS TO DEFENDANT WENDY KO**<br><br>**JS-6: Wendy Ko Only** |

Case No. CV 13-7553-JAK(SSx)

**JUDGMENT AS TO DEFENDANT WENDY KO**

The Securities and Exchange Commission having filed a Complaint and Defendant Wendy Ko having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

1  Judgment by personal service or otherwise are permanently restrained and enjoined
2  from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15
3  U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or
4  instruments of transportation or communication in interstate commerce or by use of
5  the mails, directly or indirectly:

6      (a)    to employ any device, scheme, or artifice to defraud;
7      (b)    to obtain money or property by means of any untrue statement of a
8      material fact or any omission of a material fact necessary in order to
9      make the statements made, in light of the circumstances under which
10     they were made, not misleading; or
11     (c)    to engage in any transaction, practice, or course of business which
12     operates or would operate as a fraud or deceit upon the purchaser.

13 III.

14  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
15  Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon,
16  and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C.
17  § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The
18  Court shall determine the amounts of the disgorgement and civil penalty upon motion
19  of the Commission.  Prejudgment interest shall be calculated from June 5, 2005,
20  based on the rate of interest used by the Internal Revenue Service for the
21  underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In
22  connection with the Commission's motion for disgorgement and/or civil penalties,
23  and at any hearing held on such a motion: (a) Defendant will be precluded from
24  arguing that [he, she, it] did not violate the federal securities laws as alleged in the
25  Complaint; (b) Defendant may not challenge the validity of the Consent or this Final
26  Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint
27  shall be accepted as and deemed true by the Court; and (d) the Court may determine
28  the issues raised in the motion on the basis of affidavits, declarations, excerpts of

sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  June 12, 2014

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE