1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2  ALANA U. THORBOURNE (BAR NO. 284591)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
4  Los Angeles, California 90071-3309
   Phone: (213) 622-5555
5  Fax:  (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
6          jdelcastillo@allenmatkins.com
           athorbourne@allenmatkins.com
7
   Attorneys for Receiver
8  DAVID P. STAPLETON

9            UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 13-7553-JAK (SSx) |
|---|---|---|
| 13 | | DECLARATION OF DAVID P. STAPLETON, IN SUPPORT OF HIS MOTION FOR ORDER AUTHORIZING AND APPROVING REAL PROPERTY SALES OUT OF RECEIVERSHIP |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | YIN NAN "MICHAEL" WANG; WENDY KO; VELOCITY INVESTMENT GROUP, INC.; BIO PROFIT SERIES I, LLC; BIO PROFIT SERIES II, LLC; BIO PROFIT SERIES III, LLC; BIO PROFIT SERIES V, LLC; and ROCKWELL REALTY MANAGEMENT, INC., | |
| 17 | | [Notice of Motion and Motion; Memorandum of Points and Authorities; and [Proposed] Order submitted concurrently herewith] |
| 18 | | |
| 19 | | Date:  April 14, 2015
Time:  10:00 a.m.
Ctrm:  23
Judge: Suzanne H. Segal |
| 20 | Defendants. | |

21
22
23
24
25
26
27
28

1009303.05/LA                              -1-

<u>DECLARATION OF DAVID P. STAPLETON</u>

I, David P. Stapleton, declare as follows:

1. I am the Court- appointed receiver for Velocity Investment Group, Inc., Bio Profit Series I, LLC, Bio Profit Series II, LLC, Bio Profit Series III, LLC, Bio Profit Series V, LLC, Rockwell Realty Management, Inc., and their respective subsidiaries and affiliates (collectively, the "Receivership Entities" or "Entities") in the above-entitled action. In my capacity as a receiver, I have developed substantial expertise in the sale and marketing of receivership assets, including commercial and residential properties, and am familiar with industry standards in this regard. I make this Declaration in support of my concurrently submitted Motion for Order Authorizing and Approving Real Property Sales out of Receivership ("Motion"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify to such facts under oath.

2. After the entry of and in accordance with this Court's October 7, 2014 Order Granting in part Receiver David P. Stapleton's Application for Further Instructions, I engaged and directed Todd Busch, of the Open House Center ("Agent"), to list the real properties located at 2255 Cahuilla Street #33, Colton, California 92324 ("Cahuilla Street") and 1251 S. Meadow Lane #184, Colton, California 92324 ("Meadow Lane") (collectively, the "Properties") for sale on the Multiple Listing Service ("MLS"), which in my experience is the listing service most commonly and broadly used to market and sell residential real properties.

3. Thereafter, the Agent marketed the Properties, following a detailed marketing and sale plan that I developed which, in my reasonable business judgment, I expected would result in soliciting the highest and best offers for the Properties.

4. More specifically, prior to his marketing the Properties on the MLS, I directed Agent to visit the Properties to assess their respective physical condition, and to make preliminary sale recommendations based on his study of the local

1 residential real property market, the neighborhoods in which the Properties are
2 situated, and other relevant factors.  Once these recommendations were made, the
3 Agent also provided me with an independent broker's opinion of value ("BOV") for
4 each of the Properties, which included information on comparable sales in the local
5 markets.  I reviewed all available, relevant market data, including Agent's BOVs and
6 pricing information obtained from public sources in connection with my marketing
7 and sale decisions for the Properties.  After completing my review, I discussed the
8 anticipated values and conditions of the Properties with the Agent to determine final
9 listing prices for each of the Properties.

10      5.     Once the anticipated final listing prices for the Properties had been
11 determined, I directed the Agent to, host "walk-throughs" and open-houses for each
12 Property with potential purchasers, collect offers, and prepare counter offers at my
13 direction to obtain the best and highest price for each of the Properties.  Each of
14 these tasks was completed by the Agent and, in coordination with the Agent, I
15 implemented an aggressive strategy to pursue sales at prices at or better than the
16 Agent's established BOV values, which strategy included responding quickly to
17 interested parties so as to ensure that prospective buyers willing to meet my prices
18 for the Properties remained committed to the sales proposed in the Motion.

19      6.     At my direction, and shortly after engagement, the Agent hosted an
20 open house for Cahuilla Street.  After the open house, I received two competitive
21 offers.  No other offers were forthcoming.  In response to the two offers originally
22 received, I submitted counter-offers very near to my original listing price for the
23 Cahuilla Street, and one of the interested parties accepted.  I therefore recommend a
24 sale to the buyer who accepted my counter-offer price, as this offer reflects the
25 highest and best offer and sale terms received for Cahuilla Street.  I have entered
26 into a contingent Purchase and Sale Agreement and Joint Escrow Instructions
27 ("PSA") with the anticipated buyer.  A true and correct redacted copy of the PSA for
28 Cahuilla Street is attached hereto as **Exhibit 1**.  Based on the size of Cahuilla Street,

1 its condition, its location, and the prevailing market rates in the area, I have
2 determined, in my reasonable business judgment, that the proposed sale price and
3 the terms set forth in the PSA are fair and reasonable and would be in the best
4 interests of the Receivership Estate. .

5     7. At my direction, and shortly after engagement, the Agent hosted an
6 open house for Meadow Lane. I thereafter received one offer for Meadow Lane,
7 and, as of the date of this Declaration, no other offers have been forthcoming. In
8 response to the offer received, I submitted a counter-offer near my original listing
9 price for Meadow Lane, and the offer was accepted. I entered into a contingent PSA
10 with the anticipated buyer. A true and correct redacted copy of the PSA for
11 Meadow Lane is attached hereto as **Exhibit 2**. Based on the size of Meadow Lane,
12 its condition, its location, and the prevailing market rates in the area, I have
13 determined that the proposed sale price and the terms set forth in the PSA are fair
14 and reasonable and would be in the best interests of the Receivership Estate.

15     8. As reflected in the Motion, I propose to pay an aggregate commission
16 of 6% of the total sales prices of the Properties to the Agent (5%) and my in-house
17 brokering staff (1%), in accordance with the Court's prior orders. Based on my
18 extensive experience in real estate transactions, believe that such a commission is
19 commercially reasonable and consistent with real estate industry standards.

21     I declare under penalty of perjury that the foregoing is true and correct.
22     Executed on February 23, 2015, at Los Angeles, California.

_/s/ David P. Stapleton_
David P. Stapleton