LYNN M. DEAN, Cal. Bar No. 205562
Email: deanl@sec.gov
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YIN NAN "MICHAEL" WANG, WENDY KO, VELOCITY INVESTMENT GROUP, INC., BIO PROFIT SERIES I, LLC, BIO PROFIT SERIES II, LLC, BIO PROFIT SERIES III, LLC, BIO PROFIT SERIES V, LLC, and ROCKWELL REALTY MANAGEMENT, INC.<br><br>　　　　　Defendants. | Case No.  CV 13-7553-JAK(SSx)<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT ON ORDER RE EVIDENTIARY OBJECTIONS TO RECEIVER'S INITIAL REPORT (DOCKET NO. 217)**<br><br>Judge:  Hon. John A. Kronstadt<br>Courtroom:  750 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

　　Plaintiff Securities and Exchange Commission ("SEC") makes the following status report on the Court's Order Re Evidentiary Objections to Receiver's Initial Report (Docket No. 217).

　　As the Court correctly stated in its May 29, 2015 Order, Rule 1006 of the Federal Rules of Evidence permits the use of a summary to prove the content of

1

voluminous writings, so long as the underlying documents are made available for examination and copying. Fed. R. Evid. 1006.[1] In fact, the SEC expressly made the documents underlying the Receiver's reports available for inspection and copying in April 2015. Because the SEC intends to call the receiver as a trial witness, at the April 22, 2015 pre-trial meeting of counsel required by Local Rule 16-2, counsel for the SEC provided counsel for Defendant Yin Nan "Michael" Wang with the SEC's proposed Trial Exhibit 111, a list compiled by the Receiver of all the documents he relied upon in generating his reports. Declaration of Lynn M. Dean (Dean Decl."), Ex. 1. The SEC represented to Wang's counsel that the documents the Receiver relied upon would be made available to him for copying and inspection at his request. Dean Decl. ¶ 2. Wang's counsel took the list but never asked to review and inspect the documents. *Id*.

On April 24, 2015, the SEC produced to Wang electronic copies of its trial exhibits 84-88, and 90-109, which are copies of the general ledgers and bank statements relied upon by the Receiver in preparing his reports to the Court. Dean Decl. ¶ 3. The only general ledger not produced to Wang was the general ledger for Rockwell Realty, because the business records that Wang abandoned in Pasadena prior to the initiation of this action did not contain a complete general ledger. *Id*. The Receiver was forced to reconstruct the Rockwell ledger from other materials recovered in the course of his document recovery and review efforts, including documents on a computer server abandoned by Defendants. *Id*. That forensic reconstruction will now be produced to Wang pursuant to the Court's May 29, 2015 Order. *Id*.

The remaining records relied upon by the receiver, which were identified

---

[1] As the Court also correctly notes, the vast majority of the documents relied upon by the Receiver were corporate records previously in the possession of Wang. Wang did not serve a single document request in this action, and never requested access to the documents that he knew were in the Receiver's possession, although he could have done so at any time.

and made available to Wang's counsel on April 22, 2015, are:

- Corporate entity documentation, including Statements of Information, Articles of Organization, Articles of Incorporation and other information filed with the Secretary of State;
- Preliminary Title Reports ordered for various properties identified as assets of the Receivership Entities;
- Recorded documents related to various properties and chain of title, including Deeds of Trust, Grant Deeds, Quitclaim Deeds, Full Reconveyances, Notices of Default and Notices of Sale;
- Investment binders and files related to prospective real estate investments, development projects and residential properties identified as potential assets of the Receivership assets. This included documentation used to eliminate certain addresses from the list of properties, due to information found related to properties lost to foreclosures, trustee sales or sold prior to the Receiver's appointment;
- A representative sample of individual investor files selected at random; and
- Audited Financial Statements and various other reviews, compilations and other CPA-prepared documents.

Dean Decl. Ex. 1.

Although they have previously been available to be inspected and copied by Wang's counsel since at least April 22, 2015, pursuant to the Court's May 29, 2015 Order all remaining documents relied upon by the Receiver and not previously provided to Wang will be produced to him by June 8, 2015. Dean Decl. ¶ 3.

Respectfully submitted,

June 1, 2015                                              */s/ Lynn M. Dean*
                                                          Lynn M. Dean
                                                          David Van Havermaat
                                                          Attorneys for Plaintiff
                                                          Securities and Exchange Commission

3

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648
Telephone No. (323) 965-3213; Facsimile No. (323) 965-3908.

On June 1, 2015, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT ON ORDER RE EVIDENTIARY OBJECTIONS TO RECEIVER'S INITIAL REPORT (DOCKET NO. 217)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _June 1, 2015                    */s/ Lynn M. Dean* _____
                                        Lynn M. Dean

1

**SEC v. WANG, et al.**
**United States District Court—Central District of California**
**Case No.** CV 13-7553-JAK (SSx)

**SERVICE LIST**

Edward Gartenberg, Esq. (By UPS and E-mail)
Gartenberg Gelfand Hayton, LLP
801 South Figueroa Street
Suite 2170
Los Angeles, CA  90017
egartenberg@gghslaw.com
*Counsel for Defendant Michael Wang*

Law Offices of Irving M. Einhorn (By UPS and E-mail)
1710 10th Street
Manhattan Beach, CA  90266
ime@einhornlaw.com
*Counsel for Defendant Wendy Ko*

Joshua A. del Castillo, Esq. (ECF)
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 South Figueroa Street
9th Floor
Los Angeles, CA  90071-3309
Email:  jdelcastillo@allenmatkins.com
*Counsel for Receiver David P. Stapleton*