DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
ALANA U. THORBOURNE (BAR NO. 284591)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
jdelcastillo@allenmatkins.com
athorbourne@allenmatkins.com

Attorneys for Receiver
DAVID P. STAPLETON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

YIN NAN "MICHAEL" WANG; WENDY KO; VELOCITY INVESTMENT GROUP, INC.; BIO PROFIT SERIES I, LLC; BIO PROFIT SERIES II, LLC; BIO PROFIT SERIES III, LLC; BIO PROFIT SERIES V, LLC; and ROCKWELL REALTY MANAGEMENT, INC.,

Defendants.

Case No. CV 13-7553-JAK (SSx)

SUPPLEMENTAL REPORT OF RECEIVER, DAVID P. STAPLETON, REGARDING MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF COMMERCIAL AND RESIDENTIAL REAL PROPERTIES OUT OF RECEIVERSHIP

Ctrm: 23
Judge: Hon. Suzanne H. Segal

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** David P. Stapleton (the "Receiver"), the Court-appointed receiver for Velocity Investment Group, Inc., Bio Profit Series I, LLC, Bio Profit Series II, LLC, Bio Profit Series III, LLC, Bio Profit Series V, LLC, Rockwell Realty Management, Inc., and their respective subsidiaries and affiliates (collectively, the "Receivership Entities" or "Entities"), does hereby present the following Supplemental Report in connection with his pending Motion for Order

Authorizing and Approving Sale of Commercial and Residential Real Properties out of Receivership (the "Sale Motion"):

**SUPPLEMENTAL REPORT**

The Receiver submitted the Sale Motion to the Court on June 15, 2015 requesting, among other things, that the Court authorize and approve the proposed sale of the real property located at 26655 Highland Avenue, Highland, California 92346 (the "Highland Property") out of receivership.[1] (See Docket Nos. 223-230.) As reflected in the Motion, the Receiver anticipated selling the Highland Property to Chase Partners, Ltd. (the "Buyer"), for a purchase price of $3.8 million. The Receiver determined, in his reasonable business judgment, that this amount would result in the satisfaction of all outstanding liens against the Highland Property as well as yield a six-figure return for the Receivership Entities. As reflected in the Sale Motion, the Buyer was agreeable to a $3.8 million purchase price for the Highland Property, among other things, because it had a tenant in-tow; that is, ready and able to occupy the property upon the consummation of the purchase.

Upon the expiration of its diligence period, as defined in that certain Purchase and Sale Agreement ("PSA")[2] by and between the Receiver and the Buyer, the Buyer informed the Receiver that it would be unable to consummate its anticipated purchase of the Highland Property.

The Buyer has informed the Receiver that it cannot consummate its contemplated purchase of the Highland Property principally because its would-be tenant, whom the Receiver has learned was to be the County of San Bernardino (the "County"), has elected to occupy a competing property. The Receiver is further

---

[1] While the Sale Motion was original scheduled for hearing on July 21, 2015, the Court subsequently took the Sale Motion under submission and vacated the hearing date. (See Docket No. 234.) As of the date of this Supplemental Report, the Sale Motion remains under submission. The Receiver notes that all other sales proposed in the Sale Motion remain viable and respectfully requests that the Sale Motion be granted as soon as possible.

[2] Attached as Exhibit 1 to the Declaration of David P. Stapleton in support of the Sale Motion.

informed that the County withdrew as a prospective tenant for the Highland Property as a consequence of third-party interference.

Specifically, the Receiver has been informed that an individual affiliated with a person or entity claiming an interest in the Highland Property falsely represented to the County that the Receiver did not enjoy exclusive authority and control over the Highland Property and, accordingly submitted a competing proposal to lease the subject property to the County. The County disclosed that it perceived an increased risk associated with leasing and occupying the Highland Property as a consequence of this redundant proposal. The Receiver has further been told that the individual who submitted the redundant proposal to the County has actively sought to chill bidding for the Highland Property in an effort to secure a disposition of the property by means other than a receiver's sale.

The Receiver is investigating these claims and issues. If true, the effort to undermine the Receiver's sale of the Highland Property reflects an intentional interference with the Receiver's exclusive authority and administration of the property, in violation of Article X of the Court's April 1, 2014 Order Granting Plaintiff Securities and Exchange Commission's Motion for Preliminary Injunction and Appointment of a Receiver and Authorizing Service by Publication (the "Appointment Order"), as well as the PSA itself. (See Docket No. 93.) The Receiver therefore expressly reserves the right to request any and all appropriate sanctions should he determine that a willful violation of the Appointment Order has occurred.

\\\

\\\

\\\

\\\

\\\

\\\

In the meantime, and in order to maximize the likelihood of a meaningful return to the estate of the Receivership Entities, the Receiver is presently in negotiations with a new prospective buyer for the Highland Property, and hopes to secure a purchase offer in the amount of at least $3.5 million, which the Receiver believes is sufficient to satisfy all outstanding, legitimate, liens on the Highland Property. If an offer is received which the Receiver determines will yield a net benefit to the estate of the Receivership Entities, he will submit the offer for Court review and approval as soon as possible.

Dated: July 28, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
ALANA U. THORBOURNE

By: */s/ Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
DAVID P. STAPLETON

# PROOF OF SERVICE

*Securities and Exchange Commission v. Yin Nan "Michael" Wang; Velocity Investment Group, et al.*
USDC, Central District of California – Western Division (Los Angeles) – Case No. 2:13-cv-07553-JAK-SSx

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3309.

A true and correct copy of the foregoing document(s) described as: **SUPPLEMENTAL REPORT OF RECEIVER, DAVID P. STAPLETON, REGARDING MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF COMMERCIAL AND RESIDENTIAL REAL PROPERTIES OUT OF RECEIVERSHIP** will be served in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **July 28, 2015**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Andrew Cowan**
  acowan@gallo-law.com
- **Lynn M. Dean**
  deanl@sec.gov, LAROFiling@sec.gov, kassabguir@sec.gov, berryj@sec.gov, irwinma@sec.gov
- **Joshua A. del Castillo**
  jdelcastillo@allenmatkins.com,athorbourne@allenmatkins.com
- **Edward Gartenberg**
  egartenberg@gghslaw.com, mdolukhanyan@gghslaw.com, ssimich@gghslaw.com
- **Philip C. Law**
  plaw168@gmail.com
- **REO Property Group, LLC**
  pLaw168@gmail.com
- **David J. VanHavermaat**
  vanhavermaatd@sec.gov, LAROFiling@sec.gov, carnegieo@sec.gov, berryj@sec.gov,irwinma@sec.govp

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On **July 28, 2015**, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope, U.S. Mail first class, and/or with an overnight mail service addressed as stated below. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business.

Franchise Tax Board (FTB)
P.O. Box 2952
Sacramento, CA 95812-2952
**Via U.S. Mail**

Internal Revenue Service
880 Front Street
San Diego, CA 92101-8869
**Via U.S. Mail**

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **July 28, 2015** at Los Angeles, California.

/s/ *Martha Diaz*
Martha Diaz