UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>     vs.<br><br>YIN NAN "MICHAEL" WANG, WENDY KO, VELOCITY INVESTMENT GROUP, INC., BIO PROFIT SERIES I, LLC, BIO PROFIT SERIES II, LLC, BIO PROFIT SERIES III, LLC, BIO PROFIT SERIES V, LLC, and ROCKWELL REALTY MANAGEMENT, INC.,<br><br>               Defendants. | Case No. LA CV13-07553-JAK(SSx)<br><br>**FINAL JUDGMENT AGAINST YIN NAN "MICHAEL" WANG AND WENDY KO**<br><br>**JS-6: Yin Nan Wang and Wendy Ko Only** |

**FINAL JUDGMENT**

This matter came to be heard upon the Securities and Exchange Commission's ("SEC") Motion for Monetary Relief and Entry of Final Judgments Against Yin Nan "Michael" Wang ("Wang") and Wendy Ko ("Ko").

The Court, having entered summary judgment against Wang and Ko on August 18, 2015, and having considered the Commission's Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Lynn M. Dean, and the exhibits thereto, and other evidence and argument presented regarding the Motion, and good cause appearing, orders that the SEC's Motion For Monetary Relief and Entry of Final Judgments Against Wang and Ko is **GRANTED**.

The SEC having also filed a Complaint and Defendants Bio Profit Series I, Bio Profit Series II, Bio Profit Series III, Bio Profit Series V,  Rockwell Realty Management, Inc. and Velocity Investment Group, Inc. (collectively "Defendants") having entered a general appearance, consented to the Court's jurisdiction over Defendants and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS SET FORTH IN SECTIONS I-V:

I.

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

Wang is liable for disgorgement of $81,130,000, representing $82,530,000 in profits gained as a result of the conduct alleged in the Complaint, less the $1.4 million collected by the Receiver, together with prejudgment interest thereon in the amount of $6,506,297.38, and a civil penalty in the amount of $1,500,000 pursuant to

2

Section 21(d)(3) of the Exchange Act and Section 20(d)(1) of the Securities Act, 15 U.S.C. § 78u(d)(3); 15 U.S.C. § 77t(d)(1), for a total of $89,136,297.38.  Wang shall satisfy this obligation by paying $89,136,297.38 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Ko is liable for disgorgement of $1,491,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $119,572.19, and a civil penalty in the amount of $150,000 pursuant to Section 21(d)(3) of the Exchange Act and Section 20(d)(1) of the Securities Act, 15 U.S.C. § 78u(d)(3); 15 U.S.C. § 77t(d)(1), for a total of $1,760,572.19.  Ko shall satisfy this obligation by paying $1,760,572.19 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants Wang and Ko may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. They may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the respective defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Wang and Ko shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants Wang and Ko relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to them.

The Commission shall hold the funds and may propose a plan to distribute the funds subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the funds.  If the Commission staff determines that the funds will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants Wang and Ko shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated:  November 30, 2016

_____
**HON. JOHN A. KRONSTADT**
**UNITED STATES DISTRICT JUDGE**

4